## CITY OF ST. JOSEPH v. DIENGER, Appellant.

Division One, November 19, 1901.

1. **Criminal Law:** COMMISSION SUBSEQUENT TO INFORMATION. Where the information filed on July 13, charged defendant with carrying on the business of a brewer's agent in the city on July 12, without having taken out a license therefor, as required by the ordinance of the city, and the only evidence that he committed the offense charged was that he was found conducting the business on August 14, a month after the information was filed, a judgment of conviction will be reversed. A conviction under the information would be no bar to another information charging a like offense committed on August 14.

2. ———: ———: BREWER'S AGENT: VALIDITY OF ORDINANCE: APPELLATE PRACTICE. Where there was no evidence tending to show that the defendant had committed the offense charged, and the judgment must for that reason be reversed, the court will not go further and determine whether or not the ordinance under which the conviction was had, is unconstitutional, although anxiously requested so to do by attorneys on both sides. Such a decision would affect the right of no one and be unjudicial.

Appeal from Buchanan Criminal Court.—*Hon. R. E. Culver, Judge.*

REVERSED.

*Benjamin Phillip* for appellant.

The ordinance is void because violative of sections 4 and 30 of article 2, and section 53 of article 4 of the Constitution of Missouri. Section 2 of the ordinance provides that any person carrying on the business of a brewer's agent shall pay an annual license of $100. The same section provides that any

person engaged in the business of a manufacturer's agent shall pay an annual license of $25 and that "any person, firm or corporation who stores or distributes goods for the manufacturer and who does not purchase the same, shall be held to be a manu-facturer's agent." Beyond question, appellant is a "manufacturer's agent" as defined by the ordinance, for the respondent's evidence shows that he stores and distributes the goods manufactured by the Heim Brewing Company and does not himself purchase the same. But notwithstanding the fact that he is, by the very terms of the ordinance, a manufacturer's agent, and belongs to the same class as the agent who stores and distributes the goods of the manufacturer in any other trade, the ordinance creates a distinction between him and others of the same class, since it provides that he shall pay a license of $100 while other manufacturing agents are required to pay but $25. The ordinance, therefore, creates a distinction between persons in the same class, is "class legislation" and void. State v. Thomas, 138 Mo. 102; State v. Julow, 129 Mo. 176; State ex rel. v. Tolle, 71 Mo. 645; State ex rel. v. Herrman, 75 Mo. 340; State v. Walsh, 136 Mo. 405; State v. Loomis, 115 Mo. 307.

*Joshua A. Graham* for respondent.

VALLIANT, J.—This cause was begun by information filed in the police court of the city of St. Joseph, charging that the defendant was carrying on the business of a brewer's agent in that city without having taken out a license therefor as required by an ordinance of the city. It was carried by appeal to the criminal court of Buchanan county, where the defendant was convicted and fined in the sum of $100, from which judgment he prosecutes this appeal. The ordinance under which appellant was tried and convicted is set out in the record, and it is insisted in his behalf that the ordinance is in violation of certain sections of the Constitution of this State. The infor-

City of St. Joseph v. Dienger.

mation was filed July 13, 1897, charging that the offense was committed on or about July 12, 1897. At the trial there was evidence tending to show that on August 14, 1897, appellant was carrying on a business which was construed to be that of a brewer's agent, and that when called on to produce his license he exhibited a license which was construed to be not the license called for by the ordinance. This, together with the ordinance in question, was all the evidence in the case.

We are asked to review the rulings of the trial court and decide whether or not the ordinance is valid under the Constitution, whether or not the business in which appellant was engaged as shown by the evidence was that of a brewer's agent, and whether or not the license exhibited was sufficient under the ordinance. But none of those questions are presented in vital form in this case, for the reason that if it should be conceded that the ordinance is constitutional, that the business was that of a brewer's agent, and that the license exhibited was not sufficient, still, there was no evidence tending to show that the defendant had committed the offense charged in the information, that is, that he was carrying on the business on July 12 or at any time before the filing of the information, the only evidence being that he was found conducting the business on August 14, a month after the information was filed. It may be sufficient to show that a defendant has committed the offense charged in an information or indictment at any time before the presentation of the same within the period prescribed in the statute of limitations, but it does not sustain the charge to show that he has committed a like offense subsequent to the presentation of the information or indictment.

A conviction under this information would be no bar to another information charging a like offense occurring August 14, 1897.

It is said in the brief of the learned counsel for appellant that both sides are anxious to have a decision on the question

Vol 165 mo—7

of the validity of the ordinance and the hope is expressed that we will decide that question even though we should conclude that there was no evidence to support the charge. But a decision under those conditions would affect the rights of no one and be unjudicial.

The judgment of the criminal court of Buchanan county is reversed. All concur.